

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-24-2003

# USA v. Salawu

Precedential or Non-Precedential: Non-Precedential

Docket 02-2458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Salawu" (2003). *2003 Decisions.* Paper 627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No: 02-2458

———————

UNITED STATES OF AMERICA

v.

KAMURO SALAWU,
Appellant

———————

On Appeal from the United States District Court
for the District of Delaware

District Court Judge: The Honorable Joseph J. Farnan, Jr.
(D.C. Civil No. 99-cr-00062-01)

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
April 11, 2003

Before: ALITO, FUENTES, Circuit Judges, PISANO, District Judge[*]

(Opinion Filed: April 23, 2003)

———————

OPINION OF THE COURT

———————

[*]The Honorable Joel A. Pisano, United States District Judge for the District of
New Jersey, sitting by designation.

FUENTES, Circuit Judge:

Appellant Kamuro Salawu ("Salawu") appeals his sentence of 41 months imprisonment for the crime of bank fraud in violation of 18 U.S.C. § 1344. Salawu argues that the United States District Court for the District of Delaware erred in enhancing his sentence based on victim loss and his role as a leader or organizer in the offense. He claims that the findings of fact necessary to enhance his sentence should have been made by a jury. Because we find that the District Court sentenced Salawu below the statutory maximum, we affirm the Judgment of June 4, 2002, sentencing Salawu to 41 months imprisonment.

## I. Background

On August 24, 1999, the Government indicted Salawu on charges of bank fraud and related crimes. On January 20, 2000, Salawu pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. Specifically, the indictment charged Salawu with executing a scheme to defraud First USA Bank by misappropriating credit card information. Salawu paid local bank employees to supply him with credit card account information, which he then used to take over accounts by changing the addresses on the accounts to addresses that he controlled.

The pre-sentence report assigned Salawu a base offense level of six points pursuant to U.S.S.G. § 2F1.1. In addition, he received an enhancement of eleven points for victim loss under U.S.S.G. § 2F1.1(b)(1) and an enhancement of four points under

U.S.S.G. § 3B1.1(b) for his role as an organizer or leader in the offense. Salawu objected to those enhancements.

At the sentencing hearing on May 6, 2002, the District Court denied Salawu's objections and sentenced him at an offense level that included the intended loss and leadership role enhancements. The District Court sentenced Salawu to 41 months imprisonment. The statutory maximum term of imprisonment for a violation of 18 U.S.C. § 1344 is 30 years.

## II.  Jurisdiction and Standard of Review

The District Court exercised jurisdiction over this case pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. A district court's decision on an issue of law is subject to plenary review. United States v. Barbosa, 271 F.3d 438, 452 (3d Cir. 2000).

## III.  Discussion

On appeal Salawu challenges the use of facts in the pre-sentence report to enhance his sentence because those facts were not found by a jury beyond a reasonable doubt. He argues that because he only pleaded guilty to one count of the indictment, the District Court should not have considered conduct underlying the remaining four counts in enhancing his sentence.[2]

---

[2]     The Government argues that Salawu failed to properly raise this issue before the District Court. We assume for purposes of this appeal that the issue was properly presented to the District Court.

In <u>United States v. Barbosa</u>, 271 F.3d 438 (3d Cir. 2001), we recognized that the Supreme Court has emphasized the distinction between a "sentencing factor," an item considered by the judge in imposing a sentence, and an "element" of a crime, an item that must be found by the jury in order to convict. See <u>id.</u> at 452 (citing <u>McMillan v. Pennsylvania</u>, 477 U.S. 79, 85-86 (1986)). We also stated that the Supreme Court neither overruled <u>McMillan</u> nor rendered the term "sentencing factor" devoid of meaning in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). See <u>Barbosa</u>, 271 F.3d at 452 (citations omitted). As a result, "a court may still consider aggravating and mitigating factors that support a specific sentence within the statutorily prescribed range when sentencing a defendant, so long as the sentence imposed is not greater than the maximum statutory penalty for the statutory offense established by the jury's verdict." <u>Id.</u> (citing <u>Apprendi</u>, 530 U.S. at 483 n.10).

Though Salawu was not convicted by a jury, he pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. Thus, in imposing a sentence, the District Court was permitted to consider aggravating and mitigating factors that supported a specific sentence within the statutorily prescribed range. The statutory maximum term of imprisonment for a violation of 18 U.S.C. § 1344 is 30 years. After including sentencing enhancements based on the intended victim loss and Salawu's role as an organizer or leader in the offense, the District Court sentenced Salawu to 41 months imprisonment. Because the District Court sentenced Salawu to a term of imprisonment below the

4

maximum statutory penalty, it was not necessary that a jury conclude that the facts considered in enhancing the sentence were proven beyond a reasonable doubt. The District Court properly sentenced Salawu to 41 months imprisonment.

## IV. Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

_____

/s/ Julio M. Fuentes
Circuit Judge